Carrie Guttormsen, Appellant, v. Drainage District No. Seven and Others, Appellees.

Drainage: assessment of benefits: review on appeal. The determination by a board of supervisors and the trial court that an assessment of benefits for the construction of a drainage dis-

trict is not excessive will not be disturbed on appeal unless there appears to be a manifest discrepancy or inequality.

**Same:** PRESUMPTION: BURDEN OF PROOF. A presumption obtains in favor of the correctness of an assessment of benefits for the construction of a drainage district, and a property owner has the burden of showing that it is otherwise.

*Appeal from Worth District Court.*—HON. J. F. CLYDE, Judge.

MONDAY, NOVEMBER 20, 1911.

THE plaintiff is the owner of land within the limits of drainage district No. 7, in Worth county. The ditch in question was duly constructed, and the several tracts of land in the district were classified and assessed for the costs and expenses of the improvement. The plaintiff, owning six forty-acre tracts, objected to the assessment of her land as excessive, and appealed therefrom to the district court. On trial of said appeal, the district court found against the plaintiff, and confirmed the assessment as fixed by the board of supervisors. From this judgment plaintiff again appeals.—*Affirmed.*

*T. A. Kingland,* for appellant.

*M. H. Kepler,* for appellees.

WEAVER, J.—The appeal involves no question as to jurisdiction or the formal regularity of any of the proceedings for the establishment of the drainage district or construction of the ditch. The sole complaint presented for our consideration is that the sum assessed against the plaintiff's land is excessive and out of proportion to the benefits accruing to it from such improvement. The district appears to include something more than seventy forty-acre tracts, owned by about thirty different persons.

The amount of costs and expenses assessed against each of these tracts, as finally fixed by the board of supervisors, varies from sums which are merely nominal to something more than $600, while the amounts charged to each of the six forties here particularly in question vary from $31.66 to $510.46. On the hearing before the board, the charge upon one tract was reduced from $347.28 to $267.28, and upon another tract it was reduced from $141.43 to $120.17. Other reductions asked were refused.

Upon trial of the appeal in the district court, plaintiff produced several witnesses, most of whom were members or relatives of her own family, according to whose testimony the amount charged to this land would seem to be out of proportion to the benefits and to assessments made on other tracts more or less similarly situated. On the other hand, the commissioners who reported the assessments testify concerning the methods pursued by them, their observation of the conditions of the several tracts, and their judgment as to the benefits accruing thereto, making a showing which, if true, demonstrates the substantial justice and fairness of the estimates made. As usual, also, there is the testimony of an expert engineer or two on either side. It can serve no valuable purpose for us to recite and discuss the testimony. Each case of this character rests very largely upon the peculiar facts and circumstances surrounding it, and opinions thereon and decisions thereof are usually of little value as precedents. Again, it is always extremely difficult, and in some instances quite impossible, for this court to get from the bald printed record anything like a comprehensive or satisfactory understanding of the topography of the drainage district, or the precise manner and extent to which a given tract is affected by the improvement. Upon these matters, unless the alleged discrepancy or inequality is quite manifest, we are reluctant to interfere with the finding of the board, especially

1. DRAINAGE: assessment of benefits: review on appeal.

where it has had the approval of the trial court.   Plaintiff in this case puts much stress upon the comparison which she makes between the assessment against her land, and that which has been levied on others in the same district; but the tracts to which she refers are few, compared with the whole number which are to share this burden, and even as to those particularly described we discern no unfair adjustment, calling for interference by this court. No method can be adopted which will produce absolutely perfect results. · Values and consequential damages are at best matter of opinion, on which equally capable and honest witnesses will disagree.   The most which may be hoped for is approximate or substantial equality of burden, and this we think has been accomplished.

There is no claim or showing that the commissioners or board of supervisors have acted in bad faith.   The presumption is in their favor, and the burden is upon the plaintiff to establish the alleged error in the

*2. SAME: presumption: burden of proof.*

assessment.   Viewing the testimony as a whole, we agree that burden is not so clearly overcome as to call for a reversal of the judgment below. The issue of fact to which we have referred being thus disposed of, the record presents nothing further for our consideration.

The judgment of the district court is therefore *affirmed*.